IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JAMAL SHEHADEH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-CV-3306 |
| | ) | |
| FBI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Jamal Shehadeh's Motion for Appointment of Counsel and Memorandum of Law in Support Thereof (d/e 90) (Motion for Counsel), Motion for Production of <u>Vaughn</u> Index (d/e 91) (<u>Vaughn</u> Motion), Third Motion for Issuance of Subpoena in Accordance with Local Rule 45.2 ILCD (d/e 93) (Third Motion), Fourth Motion for Issuance of Subpoena in Accordance with Local Rule 45.2 ILCD (d/e 94) (Fourth Motion), Fifth Motion for Issuance of Subpoena in Accordance with Local Rule 45.2 ILCD (d/e 95) (Fifth Motion), and Sixth Motion for Issuance of Subpoena in Accordance with Local Rule 45.2 ILCD (d/e 96) (Sixth Motion) (the Third, Fourth, Fifth, and Sixth Motions are collectively referred to as Subpoena Motions). For the reasons set forth below, the Motions are respectfully DENIED.

Shehadeh brings this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, alleging that he made FOIA requests for information to the Defendant agencies of the United States Department of Justice and the agencies are improperly withholding information. See <u>Complaint for Order to Compel Release of Documents and Information Subject to Disclosure under the Freedom and Information and Privacy Acts (d/e 1)</u> (Complaint); <u>Amended Complaint for Review Pursuant to the Freedom of Information and Privacy Acts (d/e 52)</u>.[1] The Motion for Counsel seeks appointment of counsel. The <u>Vaughn</u> Motion seeks information about withheld documents. The Subpoena Motions ask for subpoenas duces tecum directed to third parties. The Court will address the Motion for Counsel first, followed by the <u>Vaughn</u> Motion, and then the Subpoena Motions.

I.    <u>Motion for Counsel</u>

There is no right to counsel in civil proceedings. <u>Pruitt v. Mote</u>, 503 F.3d 647, 656 (7th Cir. 2007). The Court, however, may in its discretion, request an attorney to represent an indigent litigant on a

---

[1] The Defendants have included footnotes in their responses indicating that the Department of Justice (Department) should be substituted as the proper party defendant. E.g., <u>Defendants' Response to Plaintiffs Requests for Discovery Subpoenas (R. 92, 93, 94, 95, 96) (d/e 98)</u>, at 1 n.1. If Defendants believe that the Department should be substituted in as the appropriate defendants, they should file a motion requesting that relief. See Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion.").

pro bono basis. Pruitt, 503 F.3d at 654; 28 U.S.C. § 1915(e)(1). In deciding whether to allow a request for pro bono counsel, the Court must consider: (1) whether the indigent plaintiff has made a reasonable attempt to obtain counsel or has been effectively precluded from doing so; and, (2) whether the plaintiff appears competent to litigate the matter for himself. Pruitt, 503 F.3d at 654. The question of whether a pro se litigant is competent to litigate a given matter is peculiar to each case. The factors to be considered include the plaintiff's literacy, communications skills, educational level, and litigation experience. The Court also considers the complexity of the case. Id.

Shehadeh is capable of litigating this case on his own. He is an experienced pro se litigator. See Shehadeh v. Cox, et al., S. Dist. Ill. Case No. 10-cv-00985; Shehadeh v. U.S.A., S. Dist. Ill. Case No. 05-cv-00398; Shehadeh v. U.S.A., C. Dist. Ill. Case No. 11-mc-00016. Shehadeh's filings in this case are well written, show a firm grasp of the issues, and an ability to communicate effectively in writing. Given these factors, the Court in its discretion, determines that it will not seek and appoint pro bono counsel for Plaintiff Shehadeh.

II.   Vaughn Motion

Shehadeh asks this Court to order the production of a Vaughn index. The term Vaughn index refers to a detailed log of the documents withheld

and the basis for the withholding. The term comes from a D.C. Circuit opinion, <u>Vaughn v. Rosen</u>, 484 F.2d 820 (D.C. Cir. 1973). The D.C. Circuit in <u>Vaughn</u> reversed a grant of summary judgment in favor of the Defendant Civil Service Commission and remanded the case with instructions that the Defendant Commission produce an index of documents withheld, along with a description of the basis for the decision to withhold, that is sufficiently detailed to allow the Court to determine whether the decision to withhold the documents was proper. <u>Id.</u> at 827-28. Shehadeh asks this Court to order the Defendant Agencies to produce such a detailed index in this case. The Defendants argue that the request is premature.

The Court agrees that the <u>Vaughn</u> request is premature. One issue in this FOIA case is whether the Defendant agencies made a proper determination to withhold documents as exempt from disclosure under the statute. FOIA exempts certain documents from disclosure. 5 U.S.C. § 552(b). The Defendants have the burden to demonstrate that documents were properly withheld under an applicable exemption. <u>Solar Sources, Inc. v. United States</u>, 142 F.3d 1033, 1037 (7th Cir. 1998). The Defendants may meet this burden in a number of ways. The Defendants may present the documents to the Court for in camera review; if the documents are voluminous, the Defendants may present a sample of the documents for in

camera review; the Defendants may file a Vaughn index, or other summary, of the documents depending on the circumstances. See e.g., Becker v. I.R.S., 34 F.3d 398, 401 (7th Cir. 1994) (Vaughn index filed and court conducted in camera review); Solar Sources, Inc., 142 F.3d at 1036 (Vaughn index was not required in case involving law enforcement exemption and court reviewed sampling of voluminous documents in camera); Antonelli v. Sullivan, 732 F.2d 560, 562 (7th Cir. 1984) (Vaughn index was unnecessary when the two documents at issue were reviewed in camera). A Vaughn index is often not appropriate if the documents are exempt as part of an ongoing law enforcement investigation because even the summary could disclose information that would threaten the success of the investigation and also put confidential informants and undercover law enforcement personnel at risk. 5 U.S.C. § 552(b)(7)(A); Solar Sources, Inc., 142 F.3d at 1040; Wright v. Occupational Safety and Health Admin., 822 F.2d 642, 645-46 (7th Cir. 1987). The law enforcement exemption may be at issue here because a number of the Defendants are law enforcement agencies. At this juncture, the Court cannot determine whether production or disclosure of a Vaughn index would be appropriate in this case. The request is respectfully denied as premature.

III. <u>Subpoena Motions</u>

The Subpoena Motions are also denied. The Third and Fifth Motions seek to uncover the substance of some of the documents sought in Shehadeh's FOIA requests by subpoenaing those documents, and related documents, from third parties. The Defendants object because the ultimate issue in the case is whether the substance of those documents are exempt from disclosure. The Court agrees. Shehadeh must prevail in the case before he can see that information. He cannot use subpoenas or other discovery to disclose the substance of the withheld documents before the final decision in the case. See <u>Tax Analysts v. I.R.S.</u>, 410 F.3d 715, 722 (D.C. Cir. 2005) (discovery into substance of documents would "turn FOIA on its head, awarding Appellant in discovery the very remedy for which it seeks to prevail in the suit."). The Court, therefore, will deny the Third and Fifth Motions.

The Fourth and Sixth Motions are overly broad and would impose undue burdens on third parties. This Court must quash or modify a subpoena that subjects a third party to an undue burden. Fed. R. Civ. P. 45(c)(3)(iv). The Fourth Motions asks for subpoenas to produce all records compiled by the Department of Justice Office of Special Counsel (OSC) under FOIA §§ 552(a)(4)(F) and 552(a)(4)(F)(i) for the last five years. Sections 552(a)(4)(F) and (a)(4)(F)(i) of FOIA require courts to refer to the

OSC when records have been improperly withheld and require the OSC to prepare annual reports regarding improperly withheld records in FOIA matters. The proposed subpoena seeks all records of all improper withholding of records by all federal agencies and offices for the last five years. Shehadeh's concerns, however, are limited to agencies of the Department of Justice and their relationship with him. Shehadeh has no need for information about every improperly withheld document from every federal agency for the last five years, and the OSC should not be put to the burden and expense of producing such. The Fourth Motion is denied.

The Sixth Motion asks for subpoenas directed at four different federal agencies for all records of all acts of vandalism against any and all electrical utility facilities anywhere in the state of Illinois in the last ten years. The request is again overly broad. Shehadeh's Complaint alleges improper withholding of documents related to investigations of power outages in Christian County, Illinois, in 2006. Complaint, at 2.[2] Information about incidents of vandalism throughout the State of Illinois for a decade is not relevant to deciding whether the documents Shehadeh requested regarding events in Christian County in 2006 were improperly withheld from

---

[2]Shehadeh incorporated by reference the allegation in the Complaint into the Amended Complaint. Amended Complaint, at 1.

disclosure.  The request is an improper and over broad request that would impose an undue burden on third parties.  The Sixth Motion is denied.

WHEREFORE  Plaintiff Jamal Shehadeh's Motion for Appointment of Counsel and Memorandum of Law in Support Thereof (d/e 90), Motion for Production of <u>Vaughn</u> Index (d/e 91), Third Motion for Issuance of Subpoena in Accordance with Local Rule 45.2 ILCD (d/e 93), Fourth Motion for Issuance of Subpoena in Accordance with Local Rule 45.2 ILCD (d/e 94), Fifth Motion for Issuance of Subpoena in Accordance with Local Rule 45.2 ILCD (d/e 95), and Sixth Motion for Issuance of Subpoena in Accordance with Local Rule 45.2 ILCD (d/e 96) are DENIED.

ENTER:	July 18, 2011

    <u>s/ Byron G. Cudmore</u>
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE